IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHARON R. GRIMM,            )
                            )
        Plaintiff,          )
                            )
    vs.                     )   Civil Action No. 11-447
                            )
MICHAEL J. ASTRUE,          )
COMMISSIONER OF SOCIAL SECURITY, )
                            )
        Defendant.          )

O R D E R

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738

1

F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

The Court finds no merit in Plaintiff's argument that the Administrative Law Judge ("ALJ") erred in finding her to be not disabled. Issues 1, 2, 4, and 5 raised by Plaintiff were adequately discussed by the ALJ in his decision, and substantial evidence supports his findings.

Issue 3 requires further discussion. Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination was insufficient because it did not expressly include a statement that she is moderately limited in her ability to maintain concentration, persistence, and pace, citing Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004). However, that case is inapposite. First, in Ramirez, the ALJ had found that the claimant "often" suffered from deficiencies of concentration, persistence, or pace, resulting in a failure to complete tasks in a timely manner, and the Third Circuit held that the ALJ's RFC determination that the claimant was limited to simple, repetitive one or two-step tasks did not sufficiently take the claimant's deficiencies into account. Here, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace. Plaintiff is correct that the Social Security regulations pertaining to mental impairments were revised, and the evaluation of concentration, persistence, and pace was changed from a five-point scale based on the frequency of the deficiencies to the current five-point severity scale, and both "often" and "moderate" occupy the middle position in their respective scales. See Reynolds v. Commissioner of Soc. Sec., 2011 WL 3273522, at *13 (W.D. Pa. July 29, 2011). Nonetheless, recent Third Circuit decisions have distinguished Ramirez based on the difference between "often" suffering from these deficiencies and being "moderately" limited in those areas. See McDonald v. Astrue, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008) (noting that the ALJ properly accounted for his finding that the claimant had moderate limitations in concentration by limiting him to simple, routine tasks). See also Menkes v. Astrue, 262 Fed. Appx.

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

                                            s/Alan N. Bloch
                                            United States District Judge

ecf:   Counsel of record

---

410, 412 (3d Cir. 2008) ("Having previously acknowledged that [the claimant] suffered moderate limitations in concentration, persistence and pace, the ALJ [properly] accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks.'").

    More importantly, in Ramirez, the ALJ had limited the claimant to simple, repetitive one or two-step tasks. Here, the mental limitations found by the ALJ in the RFC were far more extensive and specific. Plaintiff was limited not only to routine, repetitive tasks, she was also limited to work not performed at a production rate pace or with quotas, to work that involved no more than simple work-related decisions and relatively few changes in her work setting, and to work requiring no more than occasional interaction with supervisors, co-workers, or the public. These limitations go far beyond a limitation to simple, repetitive one or two-step tasks and clearly account for Plaintiff's deficiencies in concentration, persistence, and pace.

3